# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**TARJAL LATROIS O'NEAL,**

        **Plaintiff,**

v.                                                  **Case No: 6:21-cv-1850-PGB-DCI**

**MACDILL AFB, FORT JACKSON ARMY INSTALLATION, DEPARTMENT OF ECONOMIC OPPORTUNITY, CAREER SOURCE POLK, BROWARD COUNTY SHERIFF'S OFFICE, POLK COUNTY SHERIFF'S OFFICE, LAKELAND POLICE DEPARTMENT, HILLSBOROUGH COUNTY SHERIFF'S OFFICE, ATLANTA MEDICAL CENTER HOSPITAL, POST MASTER, APPLE, INC., SPRINT, INC., BANK OF AMERICA, INC., WELLS FARGO BANK, INC., MID FLORIDA CREDIT UNION, INC., TAMPA POLICE DEPARTMENT, T-MOBILE, INC., INTERNAL REVENUE SERVICE, POLK COUNTY LIBRARY SYSTEM, CONSULATE HEALTH & REHAB SERVICES, LAKELAND LANDING APARTMENTS, FIELDS BMW, LAKELAND REGIONAL MEDICAL CENTER, WALGREENS PHARMACY, INC., CVS PHARMACY, INC., LAKELAND CID (ARMY DIVISION), HUMANA MILITARY TRICARE (EAST), DEPARTMENT OF FINANCE & ACCOUNTING SERVICES, THE PLACE AT PALAZZO APARTMENTS, THE RESERVE APARTMENTS, CHASE BANK, INC., LA AFB, WALMART, INC., DEPARTMENT OF VETERAN AFFAIRS, PUBLIX, INC., MELISSA WILSON, CHRISTINA MESA, STEPHEN MOTEN, THE CROSSROADS HEALTH & REHAB**

| | |
|---|---|
| CENTER, VALENCIA HEALTH & REHAB CENTER, ROBERT VALENTINE, GEICO, INC. and VERIZON, INC., | |
| Defendants. | |

## REPORT AND RECOMMENDATION

### I. Background

Plaintiff filed this case in the Orlando Division of this District on November 5, 2021. In his complaint, Plaintiff alleged various violations of federal law[1] and named 43 defendants.

However, Plaintiff previously filed a nearly identical complaint in the Tampa Division of this District on November 2, 2021. *O'Neal v. Macdill AFB et al.*, No. 8:21-cv-2576-SDM-AEP (M.D. Fla.) (the Tampa case). In that complaint, Plaintiff alleged the same violations of federal law and named 40 defendants. All 40 of the defendants named in the Tampa case are included within the 43 defendants named in the Orlando case.

### II. Standard

"The first-filed rule provides that, '[w]here two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule.'" *Aadyn Technology, LLC v. Prof'l LED Lighting, Ltd.*, 2014 WL 12489975, at *3 (S.D. Fla. Dec. 10, 2014) (citing *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005)); *see also Collegiate Licensing Co. v. American Cas. Co. of Reading, Pa.*, 713 F.3d 71, 78 (11th Cir. 2013). "The first-filed rule is

---

[1] Specifically, Plaintiff alleged violations related to: the First, Fourth, Tenth, Eleventh, and Thirteenth Amendments to the US Constitution; the Civil Rights Act of 1964; substantive due process; abuse of power; coercion; retaliation; equal protection; and deprivation of rights under the color of law. *See* Doc. 1 at 3; *see also O'Neal v. Macdill AFB et al.*, No. 8:21-cv-2576-SDM-AEP at Doc. 1 at 3 (M.D. Fla.).

premised on judicial economy, comity amongst the district courts, and the desire to avoid potentially conflicting rulings." *Id.* (citing *Nebula Glass Int'l, Inc. v. Budnick Converting, Inc.*, 2010 WL 473330, at *1 (S.D. Fla. Feb. 5, 2010). "When the first-to-file rule is applicable, a district court may elect to stay, transfer, or dismiss a duplicative later-filed action, and in applying the first-to-file rule, judges are afforded an ample degree of discretion." *Strother v. Hylas Yachts, Inc.*, 2012 WL 4531357, at *1 (S.D. Fla. Oct. 1, 2012) (citation omitted).

The first-filed doctrine involves a court's exercise of jurisdiction, so a court may properly raise the issue *sua sponte*. *See, e.g., Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co.*, 736 F.3d 255, 258 n.1 (4th Cir. 2013) ("the court was free to raise the issue of the first-to-file rule sua sponte"); *Strother v. Hylas Yachts, Inc.*, 2012 WL 4531357, at *1 (S.D. Fla. Oct. 1, 2012) (raising first-filed issue sua sponte); *Clayton v. D.C.*, 36 F. Supp. 3d. 91, 94 n.1 (D.D.C. Apr. 10, 2014) ("Sua sponte dismissal of an action duplicative of a parallel action already pending in another federal court is allowable as an exercise of wise judicial administration.") (citation omitted); *Marks v. Mackey*, 2014 WL 3530137, at *2 (W.D. La. July 15, 2014) ("The first-to-file rule may be raised by a district court sua sponte."); *QVC, Inc. v. Patiomats.com, LLC*, 2012 WL 3155471, at *3 (E.D. Pa. Aug. 3, 2012) (considering first-filed rule despite failure by parties to raise the issue).

### III.   Discussion

It is apparent from the complaints filed that this case and the Tampa case are essentially identical. *Compare* Doc. 1 at 3–5 *with O'Neal v. Macdill AFB et al.*, No. 8:21-cv-2576-SDM-AEP at Doc. 1 at 3–5 (M.D. Fla.). Most of the complaint in this case appears to be taken verbatim from the complaint in the Tampa case. *See id.* Indeed, the only difference between the two appears

to be the addition of three more defendants in this later-filed case.[2] However, the fact that the same 40 defendants are named in both cases evince that these cases almost wholly involve "overlapping issues and parties." *Aadyn Technology, LLC*, 2014 WL 12489975, at *3 (S.D. Fla. Dec. 10, 2014); *see also Collegiate Licensing Co.*, 713 F.3d at 78 (11th Cir. 2013).

As these cases are duplicative, and the Tampa case was the first to be filed, the undersigned recommends that the Court dismiss this case.[3]

IV.     **Conclusion**

Accordingly, it is respectfully **Recommended** that the Court **DISMISS** this case; **DENY as moot** Plaintiff's Motion to Proceed In Forma Pauperis (**Doc. 2**); and **DENY as moot** Plaintiff's Motion to Have the Case Reviewed in the Middle District of Florida, Orlando Division (**Doc. 3**).

## NOTICE TO PARTIES

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to serve and file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

---

[2] The three defendants named in this case but not in the Tampa case are GEICO, Inc., Verizon, Inc., and Robert Valentine, Esq.

[3] The undersigned notes that Plaintiff has filed a Motion to Have the Case Reviewed in the Middle District of Florida, Orlando Division. Doc. 3. However, in the Tampa case there is a pending motion to transfer the case to the Orlando Division. *See O'Neal v. Macdill AFB et al.*, No. 8:21-cv-2576-SDM-AEP at Doc. 4 (M.D. Fla.). The motions both seek the same relief, but as the Tampa case was the first to be filed, it would be appropriate for the Tampa Division to resolve this issue.

**Recommended** in Orlando, Florida on November 16, 2021.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy